# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:19-CV-053-DCK

| | |
|---|---|
| LINDA RICHARDSON MINTON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Judgment On The Pleadings" (Document No. 14) and "Defendant's Motion For Summary Judgment" (Document No. 16). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that "Plaintiff's Motion For Judgment On The Pleadings" (Document No. 14) be denied; that "Defendant's Motion For Summary Judgment" (Document No. 16) be granted; and that the Commissioner's decision be affirmed.

## I.     BACKGROUND

Plaintiff Linda Richardson Minton ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 2). On or about August 26, 2015, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383,

alleging an inability to work due to a disabling condition beginning January 16, 2015.[1] (Transcript of the Record of Proceedings ("Tr.") 15, 309, 316). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about October 7, 2015, and again after reconsideration on December 14, 2015. (Tr. 15, 175, 181, 187, 192). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 187, 192).

Plaintiff filed a timely written request for a hearing on September 1, 2016. (Tr. 15, 213-214). On April 5, 2018, Plaintiff appeared and testified at a video hearing before Administrative Law Judge Roosevelt Currie (the "ALJ"). (Tr. 15, 30-84). In addition, Rachel McDaniel, a vocational expert ("VE"), and Karen Anne Griffin, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on April 18, 2018, denying Plaintiff's claim. (Tr. 12-25). On June 20, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 19, 2019. (Tr. 1-3, 297). The ALJ decision became

---

[1] Plaintiff previously filed applications alleging disability beginning on March 7, 2011. (Tr. 88). The denial of those applications was affirmed by ALJ Todd Jacobson on January 15, 2015. (Tr. 102). ALJ Jacobson's decision was then affirmed by this Court. See Minton v. Colvin, 5:15-CV-093-RJC-DSC, 2016 WL 3566968 (W.D.N.C. June 24, 2016); see also (Tr. 162-164).

the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request.  (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 6, 2019.  (Document No. 2).  On August 6, 2019, the parties consented to Magistrate Judge jurisdiction in this matter.  (Document No. 11).

"Plaintiff's Motion For Judgment On The Pleadings" (Document No. 14) and "Plaintiff's Memorandum Of Law" (Document No. 15) were filed on October 6, 2019;  and "Defendant's Motion For Summary Judgment" (Document No. 16) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 17) were filed on October 31, 2019.  Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See Local Rule 7.2 (e).

Based on the foregoing, the pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards.  Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 16, 2015, and the date of his decision.[2] (Tr. 16, 25). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 24-25).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 16, 2015, her alleged disability onset date. (Tr. 17). At the second step, the ALJ found that "rheumatoid arthritis, chronic pain, fibromyalgia, hypertension, [and] obesity" were severe impairments.[3] Id. At the third step, the ALJ determined that Plaintiff did not have an

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 18).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work, with the following limitations:

> the claimant can lift, carry, push, and pull up to 10 pounds frequently and 20 pounds occasionally. The claimant can sit for about 5 hours out of an 8-hour workday, followed by an opportunity to stand and stretch briefly, 1 to 2 minutes, without leaving the work station. The claimant can stand and/or walk for a combined total of about 6 hours out of an 8-hour workday, followed by an opportunity to sit for up to 5 minutes. The claimant could only occasionally balance, stoop, crouch, kneel, and crawl, never climb ramps and stairs, and never climb ladders, ropes, or scaffolds. The claimant could engage in frequent bilateral handling and fingering, as well as frequent bilateral front and lateral overhead reaching. The claimant would need to avoid concentrated exposure to heights, moving machinery, and similar hazards.

(Tr. 20). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." Id.

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a reeling machine operator and industrial truck operator. (Tr. 23-24).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24-25). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included: a folder; inspector, hand packaging; and shipping and receiving weigher. (Tr. 24-25). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as

6

defined by the Social Security Act, at any time between January 16, 2015, and the date of his decision, April 18, 2018. (Tr. 25).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ improperly discounted Plaintiff's subjective evidence of her symptoms; (2) the ALJ failed to conduct a function-by-function analysis of Plaintiff's limitations; and (3) the ALJ failed to explain why Plaintiff's symptoms were not as severe as she alleged. (Document No. 15, p. 4). Some of these assertions are overlapping; nonetheless, the undersigned will discuss each of these contentions in turn.

**A.    Consideration of Symptoms**

In the first assignment of error, Plaintiff argues that the ALJ "improperly rejected Ms. Minton's statements about the intensity and persistence of her symptoms of pain, and their effect on her ability to work based on his finding that medical evidence did not substantiate her statements." (Document No. 15, p. 5). Plaintiff suggests that the ALJ here needed to provide more explanation for which evidence he found credible, and why; and should not have rejected Plaintiff's testimony solely because objective evidence does not support her statements. Id. (citing Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2014); Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017); and 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

Plaintiff's brief then recites much of Plaintiff's testimony regarding her pain, and part of the ALJ's explanation for why he found that Plaintiff's statements about her limitations were "not fully consistent with her available medical history." (Document No. 15, pp. 6-8) (citations omitted). Plaintiff concludes that the ALJ did not adequately "explain or discuss" his reasoning. (Document No. 15, p. 8).

7

In response, Defendant asserts that the ALJ correctly evaluated Plaintiff's subjective pain complaints. (Document No. 17, pp. 11-14). Defendant argues that the ALJ did not evaluate Plaintiff's "pain complaints solely upon medical evidence" but "gave weight to the opinions of medical consultants Drs. Evelyn Jimenez-Medina, MD and Dakota Cox, MD." (Document No. 17, p. 12) (citing Tr. 22). Both consultants opined that Plaintiff's pain allegations were only "partially credible." Id. (citing Tr. 120, 142-143). Dr. Jimenez-Medina also noted that Plaintiff "does well on medication." Id. (citing Tr. 120); see also (Document No. 17, p. 13)(citing Tr. 631, 638, 832) (pain medication working effectively). Defendant argues that "[i]f a symptom can be reasonably controlled by medication or treatment it is not disabling." Id. (quoting Gross v. Heckler, 755 F.2d 1163, 1166 (4th Cir. 1986)).

Defendant contends the ALJ correctly concluded that

> statements by the claimant concerning her impairments and their impact on her ability to work are not fully consistent with her available medical history, the reports of treating and examining medical professionals, the degree of medical treatment required to manage the claimant's impairments, and evidence of the claimant's capabilities with respect to her activities and overall lifestyle.

(Document No. 17, p. 12) (quoting Tr. 21).

The undersigned finds that this issue presents a close call. It might have been helpful if Defendant had addressed the legal authority relied on by Plaintiff and discussed more fulsomely the analysis of the ALJ in his opinion; however, it also might have been helpful if Plaintiff had filed a reply brief addressing Defendant's arguments. Nevertheless, the undersigned finds that the ALJ's decision adequately addresses Plaintiff's subjective evidence, including her allegations of pain.

The undersigned is persuaded that this case is distinguishable from Lewis. In Lewis, the Fourth Circuit found that the ALJ had conducted a "cursory analysis" and had "overlook[ed]

8

critical aspects of Lewis' medical treatment history." Lewis, 858 F.3d at 867. In this case, as in others cited below, it appears the ALJ conducted a more thorough analysis.

For example, in Ward, like this case, the court determined that the ALJ had relied on the whole record instead of just objective medical evidence.

> Defendant counters that *Lewis* has no bearing on this case because the ALJ identified a proper basis beyond objective evidence to support his credibility finding, which included Plaintiff's own statements, his daily activities, medical source statements, treatment records, and the record as a whole. ECF No. 19-1 at 7. In addition, Defendant argues that the ALJ properly considered and weighed Plaintiff's treating physician's opinion, giving his opinions some weight to the extent that the record supported them. *Id.* at 8. The Court agrees with Defendant.

Ward v. Berryhill, 2017 WL 4838749, at *4 (D.Md. Oct. 24, 2017). See also Johnson v. Berryhill, 2017 WL 6994533, at *3 (D.Md. Dec. 12, 2017) ("the ALJ properly considered both objective and subjective evidence in assessing plaintiff's credibility and finding that the record as a whole contradicted plaintiff's subjective claims regarding his pain and ability to work"); McDonald v. Berryhill, No. 1:17CV65, 2017 WL 6403861, at *5 (M.D.N.C. Dec. 14, 2017) ("to the extent Plaintiff relies upon *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), this argument is misplaced").

The undersigned is persuaded that the ALJ here conducted more than a cursory analysis. In addition to discussing objective medical evidence, the ALJ explained that he gave some weight to Plaintiff's subjective complaints and testimony, considered other probative factors such as her daily activities, reviewed the opinions of state agency consultants and treating providers, and gave some weight to a prior unfavorable ALJ decision issued in January 2015. See (Tr. 20-23) (internal citations omitted).

In short, albeit in a close case, the undersigned finds that the ALJ properly considered the full record, including Plaintiff's testimony, and explained the weight he gave to her complaints. See (Tr. 21-23).

**B.     Function-By-Function Analysis**

Next, Plaintiff contends that the ALJ erred by not conducting a function-by-function analysis. (Document No. 15, pp. 8-11). Plaintiff notes that the ALJ identified severe impairments, but "never made findings as to how these impairments [a]ffected Ms. Minton's ability to work and why he concluded certain limitations were necessary in evaluating her RFC." (Document No. 15, p. 10) (citing Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016)).

In response, Defendant argues that substantial evidence supports the ALJ's RFC, and therefore, no further function-by-function analysis is required. (Document No. 17, p. 6). Defendant further argues that "any 'function-by-function' narrative assessment referenced in SSR 96-8p is not an absolute requirement to be applied under all circumstances" and is not required "for medical conditions or impairments that the ALJ found neither credible nor supported by the record." (Document No. 17, pp. 10-11). Defendant also asserts that a "function-by-function" analysis may be satisfied by referencing a properly conducted analysis of State agency medical consultants. (Document No. 17, p. 11) (citations omitted). Finally, Defendant notes that the burden is on Plaintiff to determine how medically determinable impairments affect functioning. Id. (citations omitted).

The undersigned observes that the Fourth Circuit's decision in Monroe, relied upon here by Plaintiff, states in pertinent part that "[w]e have not adopted a per se reversal for errors in expressing the RFC before analyzing the claimant's limitation function by function . . . [h]owever, we have held that 'remand may be appropriate where an ALJ fails to assess a claimant's capacity

to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Monroe, 826 F.3d at 188 (quoting Mascio, 780 F.3d at 636).

In this case, the undersigned is not persuaded that the ALJ failed to assess Plaintiff's capacity to perform relevant functions or has otherwise frustrated meaningful review. While, Plaintiff is apparently frustrated that there is not more explanation by the ALJ, the undersigned finds that the detailed RFC here, combined with the analysis of the record and Plaintiff's functional limitations, is sufficient. See (Tr. 20-23).

**C.     Explanation Of Evidence**

Finally, Plaintiff argues that the ALJ erred by failing to "indicate how any of the facts he cited in his opinion show Ms. Minton's stated symptoms were not as severe as she alleged." (Document No. 15, p. 11). Plaintiff contends that "the ALJ cited to records to discredit Ms. Minton's symptoms severity and functional limitations without explaining how those records supported his decision to discount her statements." (Document No. 15, p. 12) (citing Tr. 21-22). However, Plaintiff acknowledges that the "ALJ then proceeded to cite and summarize Ms. Minton's records from 2014, 2015, and 2017." Id. (citing Tr. 21-22). Plaintiff also contends that the ALJ failed to even consider her diagnosis of sleep apnea. (Document No. 15, p. 14).

In response, Defendant does not separately and directly address most of Plaintiff's third assignment of error, but does specifically address the issue of Plaintiff's sleep apnea. (Document No. 17, p. 14). Defendant notes that Plaintiff's sleep apnea was not diagnosed until June 2017, and that "only *nocturnal* treatment was recommended by way of a CPAP machine." Id. (citing Tr. 581, 584). Plaintiff later described some daytime sleepiness, but indicated that she did not nap during the day and needed a different mask for her CPAP machine. Id. (citing Tr. 586, 589).

11

The undersigned would have preferred that Defendant more squarely address each of Plaintiff's arguments as captioned by Plaintiff and in the order they are presented. However, the undersigned also notes that Plaintiff's third argument is largely repetitive of the first two. The crux of all of Plaintiff's arguments is that the ALJ should have provided greater explanation for his conclusions, and therefore, this Court and/or the Commissioner should re-weigh the evidence. That is not the job of this Court.

The undersigned will respectfully decline to re-weigh the evidence before the ALJ, and instead finds that the ALJ's decision is adequately supported and the case should not be remanded.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that: "Plaintiff's Motion For Judgment On The Pleadings" (Document No. 14) is **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 16) is **GRANTED**; and the Commissioner's determination is **AFFIRMED**.

**SO ORDERED**.

Signed: November 17, 2020

David C. Keesler
United States Magistrate Judge